UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

DESMOND JONES,

        Plaintiff,

v.

PRUETTE, et al.,

        Defendants.

No. ED CV 14-0936-JLS (PLA)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**I.**

**INTRODUCTION**

On July 11, 2017, the Magistrate Judge issued a Final Report and Recommendation ("R&R," ECF No. 120). On August 14, 2017, defendants filed Objections to the R&R (ECF No. 123); plaintiff filed a Response thereto on September 1, 2017. (ECF No. 124). Defendants object that (1) the Magistrate Judge erred by not analyzing plaintiff's Equal Protection Claim under a "class-of-one" theory; and (2) they are entitled to qualified immunity.

/

/

/

/

## II.

## **DISCUSSION**

In arguing that plaintiff's operative pleading, the Third Amended Complaint ("TAC"), only raises a "class-of-one" Equal Protection claim, defendants cite to plaintiff's TAC at "ECF No. 22 at 11" (see ECF No. 123 at 3 & n.1) and at "ECF No. 22 at 21-22" (see ECF No. 123 at 4). Plaintiff's TAC, however, is only nine pages in length. To the extent that defendants intended to refer to the TAC at ECF No. 22 at 8, plaintiff does both allege that he was subjected to "unequal treatment for the grievances plaintiff filed" and that Officer Pruette "intentionally discriminated against plaintiff based on race and ancestry [sic]." (ECF No. 22 at 8). Plaintiff further alleges in the TAC that "Officer Ponder's invidious conduct of racial harassment lacks a legitimate penological goal," that "Officer Ponder acted with discriminatory animus," that Pruette and Ponder acted "with racial harassment," and that defendants "acted to harm plaintiff with invidious acts of racial harassment." (Id.). Defendants appear to contend in their Objections that these allegations only allege that plaintiff was being "treated differently for who he is" (ECF No. 123 at 2), which necessarily implies that his claim is being raised pursuant to a "class-of-one" theory.

In plaintiff's Response to defendants' Objections, plaintiff once again affirms that he is claiming that defendants treated him "differently based on his race, and ancestry [sic]," both of which pertain to his "being Black in America," and that he does allege that "he was treated differently based on his race." (ECF No. 124 at 2-3).

As set forth in the R&R, the Court has an obligation where plaintiff is a prisoner proceeding *pro se*, particularly in a civil rights case, to construe the pleadings liberally and to afford plaintiff the benefit of any doubt. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (noting that, a "document filed *pro se* is to be liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("where the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." (internal quotation marks omitted)); Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006) (explaining that the *pro se* status of a petitioner "informs and colors the

lens through which we view the [petitioner's] filings"); United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2001) ("*Pro se* complaints and motions from prisoners are to be liberally construed."). To the extent that defendants are pointing to the allegations set forth in plaintiff's TAC to elucidate the legal basis for plaintiff's remaining Equal Protection claim, the Court must look to pleading standards for *pro se* litigants to ascertain the adequacy of those allegations. In this case, plaintiff's TAC also alleges claims for retaliation under the First Amendment (ECF No. 22 at 5-7), on which defendants earlier were granted summary judgment because plaintiff had failed to exhaust his administrative remedies for those claims. (See ECF No. 120 at 2-3). Being untrained in the law, plaintiff appears to have confused the required elements for the retaliation and equal protection claims that he raises in the TAC. Liberally construing plaintiff's pleadings and filings, and drawing all inferences in the light most favorable to plaintiff, the Court finds that the Magistrate Judge was correct in concluding that plaintiff has raised genuine disputes of material fact sufficient to preclude summary judgment on plaintiff's remaining Equal Protection claim.

Further, to the extent that defendants contend that plaintiff's allegations in his TAC alleging that defendants violated "his right to equal protection by treating him differently for who he is" necessarily implies that he is raising a claim under the "class-of-one theory" (ECF No. 123 at 2), part of "who he is," of course, is plaintiff's racial classification.

Defendants also point to plaintiff's earlier Opposition in which plaintiff argued that his "individualized invidious treatment" created a "class of one" claim and cited to a case involving a challenge to a regulatory zoning decision. (ECF No. 41 at 21-22 (citing N. Pacifica LLC v. City of Pacifica, 526 F.3d 478 (9th Cir. 2008)). The Court disagrees with defendants' contention raised in a footnote in their Objections that plaintiff's *allegations* in his TAC and statements that he made in his earlier Opposition are "binding judicial admissions." (See ECF No. 123 at 4 n.3). Neither of the pleadings that defendants point to was signed by plaintiff under penalty of perjury (see ECF Nos. 22, 41), and the cases on which defendants rely did not pertain to plaintiffs who were proceeding *pro se*.

Defendants' argument that the "class-of-one" theory does not apply to "discretionary decisions" in the "prison context," also is not relevant to plaintiff's claim alleging deliberate

3

conduct by defendants that was intended to cause harm. Further, the district court cases from other circuits cited by defendants are not binding authority for this Court. (See ECF No. 98 at 20-21). In addition, the Court rejects defendants' contention that plaintiff is challenging Ponder's "daily" decision as to "how to divvy up work assignments between eight to ten inmates." (ECF No. 98 at 21). To the contrary, plaintiff alleges that Ponder made a deliberate decision one evening to assign to plaintiff *all* of the work that should have been distributed among the entire yard crew.

Moreover, even if plaintiff's allegations were construed to raise a "class-of-one" equal protection claim based on his allegations that defendants' "discriminatory treatment was intentionally directed just at him," the Magistrate Judge's findings that it is undisputed that Officer Ponder never ordered any other worker, including the other two paid yard crew members, to sweep the quarter-mile track by himself; that plaintiff was the only yard crew worker paged to work on the evening in question; and that Officer Ponder assigned plaintiff to perform a task that evening that typically is assigned to not one, but to eight inmates, are sufficient to raise a genuine issue of material fact as to whether defendants had a rational basis for intentionally treating plaintiff differently from the other paid yard crew workers. See, e.g., N. Pacifica LLC, 526 F.3d at 486.

Finally, defendants object to the Magistrate Judge's finding that they are not entitled to qualified immunity. (ECF No. 123 at 4-7). The relevant context here is not whether it was clearly established that "it was unconstitutional to treat a single prisoner differently than other prisoners on a single occasion" (ECF No. 123 at 4), or that it violated the Equal Protection Clause to require "an inmate to perform a tasks [sic] he was already obligated to perform" (id. at 6). As set forth in the R&R, it would have been clear to any reasonable prison official at the relevant time that it was unconstitutional to single out one inmate to assign atypical work tasks in part because of that inmate's race. (ECF No. 120 at 20). Defendants' attempt to distinguish Serrano v. Francis, 345 F.3d 1071 (9th Cir. 2003), on the basis that "although the district court's grant of summary judgment in favor of defendants in Serrano was reversed, liability was not imposed" is both incomprehensible and misplaced. (ECF No. 123 at 5). The Ninth

4

Circuit held in 2003 in Serrano that, with respect to one incident, the plaintiff had raised "sufficient facts to convince a reasonable trier of fact by a preponderance of the evidence that the decision not to allow live witness testimony was racially motivated." 345 F.3d at 1083. Similarly, plaintiff here has raised genuine disputes of material fact that, on the one evening in question, defendants' actions in giving work assignments only to plaintiff were racially motivated.

Accordingly, the Court concludes that nothing in defendants' Objections alters the conclusions reached in the Final Report and Recommendation.

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint, the other records on file herein, including the Motion for Summary Judgment, the Magistrate Judge's Final Report and Recommendation, defendants' objections to the R&R, and plaintiff's response thereto. The Court has engaged in a de novo review of those portions of the Final Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Final Report and Recommendation is accepted.

2. The Motion for Summary Judgment of defendants' Pruette and Ponder (ECF No. 98) is **denied**.

3. The clerk shall serve this Order on all counsel or parties of record.

DATED: September 25, 2017

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

5